Cox v. Broderick.

EDWARD COX v. JOHN F. BRODERICK and EDWARD BRODERICK.

A judgment in favor of a sub-contractor or employee of the contractor, against the owner personally, in a proceeding to foreclose a mechanic's lien, is erroneous.

The amendatory act of 1855 is in affirmance of the construction theretofore given by this court to the original law.

The first section explicitly and peremptorily requires that the judgment shall direct a sale of the interest of the owner in the premises affected by the lien.

No recovery can be had against the holder of the legal title, where the builder has not been employed by the legal owner, but erects the building for himself, and the legal owner holds the title temporarily, as security for contributions toward the erection.

A sub-contractor must prove, affirmatively, that money was due from the owner when the lien was filed, or has become due subsequently.

The statute gives the power to acquire a lien upon the right, title and interest of the *contracting owner*, existing at the time of filing the notice.

If he sell the premises, in good faith, before the claim is filed, the right to effect a lien is lost.

GENERAL TERM, DECEMBER, 1855.
Before INGRAHAM, FIRST J.; and DALY and WOODRUFF, JJ.

VOL. IV.                                46

THIS was a proceeding under the act for the better security of mechanics and others, passed July 11, 1851, and amended April 13, 1855.

The plaintiffs claimed to charge the defendant, as the owner of certain buildings, for the value of labor and materials performed and furnished pursuant to an agreement beween the claimants and one Edward Lee.

It appeared, from the testimony of Lee, that he was in fact erecting the building in question upon his own account, and that the defendant held the legal title of some of them to secure him for contributions made by him toward the construction, and that he had actually conveyed the title of the remainder before the claim was filed.

The Marine Court gave a judgment against the defendant personally, in the ordinary form employed in actions to recover money demands. An appeal was taken to this court.

*Alvin C. Bradley*, *E. S. Mills* and *Caleb S. Woodhull*, for the defendant.

*Wm. W. Niles* and *S. V. Bagley*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—The opinion of this court has been expressed before the act of 1855. (Sess. Laws of 1855, ch. 404, § 1, p. 760,) that the proceeding to foreclose a mechanic's lien is a proceeding *in rem*, and that a judgment against the owner personally, in favor of a sub-contractor or employee of the contractor, is not proper.

The act of 1855 is in affirmance of the construction we had given to the lien law theretofore. (See *Cronkright* v. *Thomson*, 1 E. D. Smith, 662.)

By the first section of the above mentioned act it is explicitly and peremptorily directed, that the judgment shall direct a sale of the interest of the owner in the premises affected by the lien.

Upon this ground, if there be no other, the present judgment must be reversed.

It is not necessary to discuss the other grounds of appeal; but I am clearly of opinion that many of them are equally fatal to the present judgment.

1. Lee, the alleged contractor, was performing the work of completing the buildings for himself, and not for the defendants. According to Lee's statement, the defendants did not employ him to do the work. Lee was in every just sense the owner of the buildings, and the defendants held the legal title temporarily as security for their contribution towards the erection.

2. It does not appear (even if the defendants are to be deemed owners as between them and the plaintiff) that at the time the notice of lien was filed any thing was due from the defendants to Lee, or that any sum became due afterwards.

3. We have heretofore repeatedly held, that a sale of the premises to a *bona fide* purchaser before the notice by which a lien is sought to be created is filed with the county clerk, will operate to prevent the acquisition of a lien. The statute only gives the right to acquire a lien upon the right, title and interest of the contracting owner existing at the time such notice is filed, so that if he then have no interest, no lien on the premises is acquired. This would not, in the present case, prevent the lien (if any) from attaching to the houses remaining unsold, but it would be confined to those houses.

There is no conflict of evidence in the case, and I perceive no ground upon which the judgment can be sustained.

The judgment must, therefore, be reversed.

Judgment reversed.